## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CLARIBEL VALENTIN and<br>EMILIO MATOS,<br><br>    Plaintiffs,<br><br>v.<br><br>MICHAEL AND PATRICIA WYSOCK,<br>individually, OFFICER CHRISTOPHER<br>HEWLETT, individually and officially,<br>AND NEW CASTLE COUNTY.<br><br>    Defendants | )<br>)<br>)   C.A. No. 21-399 (MN)<br>)<br>)<br>)<br>)<br>)   TRIAL BY JURY OF TWELVE<br>)   DEMANDED<br>)<br>)<br>)<br>)<br>)<br>) |

## FIRST AMENDED COMPLAINT

### I. NATURE OF THE ACTION

1. This action arises because a Hispanic family had the misfortune to buy a home next door to that of two police officers. The Defendant-neighbors are Michael and Patricia Wysock, a married couple who are sworn officers of the Delaware State Police. The Wysocks, who hold positions of rank and are distinguished by their tenure in the law enforcement community, made clear that they did not like living next door to the Plaintiffs, a couple who reside next door with their minor child, a daughter. Specifically, the Wysocks did not like the fact that the Plaintiffs are Hispanic. They made their animosity known by an escalating series of hostile and threatening acts, in which they used their positions of authority to intimidate, harass, and annoy Plaintiffs such that Plaintiffs have been deprived of the basic right to quiet enjoyment of the property they own.

2. The Wysocks fabricated claims that Plaintiffs held loud parties in violation of the New Castle County noise ordinances. They particularly took issue with the Spanish-

language nature of the ambient music Plaintiffs chose to play when they entertained guests. The Wysocks never approached Plaintiffs in a civil matter to address their perceived issues. The Wysocks refused to engage with a New Castle County Community Mediation Unit effort to intercede and bring the apparent dispute to a civil resolution.

3.      The Wysocks' persistent efforts to harass and intimidate Plaintiffs wasted considerable resources of the New Castle County Police.  Police responded to "official" calls for service related to Noise Ordinance complaints at Plaintiffs' home on fourteen separate occasions in 2018 and 2019.  Ultimately in November 2019, New Castle County Police gave in to the demands of the Wysocks and unlawfully arrested Plaintiff Claribel Valentin without probable cause and without legal authorization for a purported violation of the County Code relating to "Disorderly Premises."

## II.    JURISDICTION AND VENUE

4.      This Amended Complaint is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution. This Court has subject matter jurisdiction over all federal claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), and supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367

5.      Venue is proper in this Court because all relevant conduct occurred in the State of Delaware, and, upon information and belief, all Defendants reside within the District.

## III.   THE PARTIES

6.      Plaintiffs Claribel Valentin and Emilio Matos are Hispanic-American citizens. They reside at 3107 Duncan Road in a suburban community called Crossgates in Wilmington, Delaware.

7.      Defendant Michael Wysock and Defendant Patricia Wysock are spouses and reside next door to Plaintiffs in the Crossgates community.

8.      Defendant Officer Christopher Hewlett at all times relevant to the Amended Complaint was a duly appointed police officer with the New Castle County Police Department. His actions as alleged in this Amended Complaint were taken under color of the laws of the State of Delaware and New Castle County. He is sued in both his individual and official capacity. Individually, Hewlett acted at times with wanton negligence, at times with malice, and at times with both wanton negligence and malice.

9.      Defendant New Castle County is a local government entity created and authorized under the laws of Delaware. New Castle County is permitted to maintain a police department per 9 *Del.C.* § 1331.

## FACTS

10.     Plaintiffs purchased and moved into what they had hoped would be their "forever home" in August 2017.

11.     Over the course of the following two years, actions by Defendants would dissuade Plaintiffs from ever holding family gatherings, entertaining guests or enjoying their property at all.

12.     Plaintiffs enjoy listening to music at their home. Among such merrymaking as cooking, eating, chatting, catching up on their day, they sometimes play music or sing songs in their native tongue, Spanish.

13.     Defendants Michael and Patricia Wysock felt racial and linguistic animus towards Plaintiffs because Plaintiffs are Hispanic and listen to Spanish-language music.

14. Defendants Michael and Patricia Wysock manifested this racial and linguistic animus by deriding Plaintiff's Spanish-language music.

15. Beginning in the Spring of 2018, Defendants Michael and Patricia Wysock began a years-long intimidation campaign against Plaintiffs by repeatedly summoning the New Castle County Police Department to Plaintiffs' house under the pretext of noise complaints.

16. Defendants Michael and Patricia Wysock summoned the New Castle County Police not because of *bona fide* noise complaints, but instead to harass, to embarrass, and to annoy Plaintiffs and to discourage them from feeling welcomed and safe to relax on their own real property.

17. Plaintiffs specifically purchased a decibel reader for the purpose of monitoring the noise at their home. Plaintiffs never wanted to disturb their neighbors and made special efforts to comply with the nebulously worded New Castle County Code.

18. New Castle County Police Department records indicate that officers went to Plaintiffs' address to investigate violations of the County's Noise Ordinance on the following dates in 2018 for the parenthetically listed amount of time:

- On April 28, 2018, at 11:03 PM until 2:48 AM the following morning (2 hours, 45 minutes).
- On May 25, 2018, at 10:00 PM, until 11:48 PM that evening (1 hour, 48 minutes).
- On June 9, 2018, at 10:00 PM, until 12:45 AM the following morning (2 hours, 45 minutes).
- On June 15, 2018, at 8:15 PM, until 8:35 PM that evening (20 minutes).
- On July 20, 2018, at 10:45 PM, until 11:20 PM that evening ( 35 minutes).
- On October 11, 2018, at 8:10 PM, until 8:30 PM that evening (20 minutes).
- On October 20, 2018, at 7:30 PM, until 10:16 PM that evening (2 hours, 45 minutes).

- On October 27, 2018, at 7:30 PM, until closing the case at 10:40 PM that evening (3 hours, 10 minutes).

19. The following year, Defendants Michael and Patricia Wysock resumed their campaign to harass, annoy, and intimidate Plaintiffs by continuing to make false or unfounded complaints to the New Castle County Police.

20. New Castle County Police Department records indicate that officers went to Plaintiffs' address to investigate alleged violations of the County's Noise Ordinance on the following dates in 2019 for the listed amount of time:

- On April 20, 2019, at 8:20 PM, until 11:18 PM that evening (3 hours).
- On May 6, 2019, at 6:20 PM, until 10:48 PM that evening (4 hours, 28 minutes).
- On July 12, 2019, at 8:23 PM until 10:30 PM that evening (2 hours).
- On August 16, 2019, at 9:45 PM until 10:25 PM that evening (40 mins).
- On August 24, 2019, at 6:24 PM, until 10:37 PM that evening (4 hours, 15 minutes).

21. Plaintiffs aver that there were numerous other instances of uniformed police officers contacting Plaintiffs' residence during the evening hours between Spring 2018 and Fall 2019. These are not reflected in the official records provided to Plaintiffs pursuant to FOIA request.

22. Upon information and belief, the Defendants Michael and Patricia Wysock used unofficial channels, e.g. text messaging, to summon members of New Castle County Police Department to intimidate and harass Plaintiffs in an effort to avoid creating a record in the Department's Computer Aided Dispatch records or other similar systems.

23. Of all of thirteen documented instances of New Castle County Police investigation between April 28, 2018, and August 24, 2019, totaling more than 28 hours of

investigatory time, no law enforcement or code enforcement action occurred; responding officers determined that Plaintiffs had committed no crime or other violation.

24. On November 6, 2019, Officers of the New Castle County Police Department arrived at Plaintiffs' home. Plaintiff Valentin was not home at the time, but her minor daughter and Plaintiff Matos, who both were home, informed Police that Plaintiff Valentin would be home soon.

25. Moments later, Plaintiff Valentin arrived home, and Defendant Hewlett placed her into handcuffs. Plaintiff Valentin was told it was for a noise violation.

26. Plaintiff Valentin tried to explain she had not been home at the time, but an officer on scene indicated the order had come from a supervisor and that she was to be arrested anyway.

27. Defendant Hewlett transported Plaintiff Valentin to New Castle Police headquarters, handcuffed, in the back of a police car.

28. At Police headquarters, Defendant Hewlett, with the assistance of other New Castle County Police personnel, detained Plaintiff Valentin in a locked holding cell.

29. Plaintiff Valentin was held in custody for more than two hours.

30. Defendant Hewlett thereafter completed an Adult Complaint and Warrant that purported to charge Plaintiff Valentin with one count of "Disorderly Premises" in violation of New Castle County Code Section 22.02.006. This warrant was issued by the Justice of the Peace Court 11 after midnight on November 7, 2019.

31. Exhibit A to the Adult Complaint and Warrant purports to describe the conduct of the offender that gives rise to the charge therein.

32.     Defendant Hewlett failed to fill out Exhibit A to the Adult Complaint and Warrant that charged Plaintiff Valentin with Disorderly Premises because Defendant Hewlett knew probable cause did not exist to charge Plaintiff Valentin with Disorderly Premises.

33.     No warrant existed authorizing Defendant Hewlett, or any other police officer, to arrest Plaintiff Valentin on November 6, 2019.

34.     Thereafter, Plaintiffs filed a formal complaint with the New Castle County Police Department Professional Standards Unit.

35.     Lieutenant R. Dunning of the Professional Standards Unit of the New Castle County Department of Police informed Plaintiffs that two officers, including Defendant Hewlett, had been found to have been acting "outside of department policy" related to Plaintiff Valentin's arrest on November 6, 2019.

36.     On March 19, 2020, Defendant New Castle County informed Plaintiff Valentin's counsel that the Defendant New Castle County had decided to dismiss with prejudice the charge of Disorderly Premises against Plaintiff Valentin. Defendant New Castle County stated at that time that the Order of Dismissal had been entered on March 16, 2020.

37.     After a proper discovery request in the Disorderly Premises case, Defendant New Castle County refused to provide Plaintiff Valentin with a copy of the body camera video of officers on scene during her November 6 arrest because Defendant New Castle County recognized that the body camera footage revealed Defendant Hewlett and others acted without probable cause or legal justification to effect Plaintiff's arrest.

38.     On July 18, 2020, Plaintiff Valentin observed a uniformed New Castle County police officer idling outside her property for no apparent purpose.

39.     On February 4, 2021, again, Officers of the New Castle County Police arrived at Plaintiffs' home continuing the same pattern of investigating a fictitious noise complaint. No charges have been filed since the previous dismissal.

### COUNT I: HARRASSMENT
### (By both Plaintiffs against Defendants Michael Wysock and Patricia Wysock)

40.     Plaintiffs incorporate all preceding paragraphs as though they were fully repeated herein.

41.     The campaign of intimidation and false reporting by Defendants Michael Wysock and Patricia Wysock alarmed and distressed Plaintiffs.

42.     Defendants Michael and Patricia Wysock undertook said campaign of intimidation and false reporting with the intent to harass, annoy, or alarm Plaintiffs.

43.     At the time Defendants Michael and Patricia Wysock communicated false reports, including unfounded noise complaints, Defendants Michael and Patricia Wysock knew that their communications were likely to cause the Plaintiffs annoyance or alarm.

44.     As a direct and proximate cause of Defendants' conduct as described in this Count, Plaintiffs did suffer damages, in the form of both economic and non-economic damages including pain and suffering, embarrassment, loss of reputation, loss of enjoyment of the value of their home, and other such harms as will be borne out by the evidence.

### COUNT II:  MALICIOUS PROSECUTION
### (By Plaintiff Valentin against Defendants Michael Wysock, Patricia Wysock, and Officer Hewlett)

45.     Plaintiffs incorporate by reference all preceding paragraphs as though they were fully repeated herein.

46.     Defendants Michael and Patricia Wysock caused the institution of judicial proceedings against Plaintiff Valentin by requesting that officers of the New Castle County

Police arrest Plaintiff Valentin and file charges against her, by making false statements to officers of the New Castle County Police that caused the police to initiate judicial proceedings against Plaintiff Valentin, or both.

47. Defendant Hewlett caused the institution of judicial proceedings against Plaintiff Valentin by executing an Adult Complaint and Warrant in Justice of the Peace Court 11.

48. The aforementioned judicial proceedings terminated in Plaintiff Valentin's favor when the County dismissed the charges with prejudice.

49. Defendants Michael and Patricia Wysock caused the institution of judicial proceedings against Plaintiff Valentin out of malice, ill-will, and racial and linguistic animus.

50. Defendant Hewlett caused the institution of judicial proceedings against Plaintiff Valentin out of malice, including for the improper motive of satisfying the racially motivated vendetta Defendants Michael and Patricia Wysock had against Plaintiff Valentin. Defendant Hewlett acted in wanton disregard of Plaintiff Valentin's rights by acceding to the demands of the Wysocks in making a custodial arrest unauthorized by law. Defendant Hewlett's institution of judicial proceedings in these circumstances was also wantonly negligent in that he exhibited, at a minimum, conscious indifference to the consequences that would befall Plaintiff Valentin.

51. Probable cause did not exist for the institution of judicial proceedings against Plaintiff Valentin.

52. As a direct and proximate cause of Defendants' conduct as described in this Count, Plaintiff did suffer damages, in the form of both economic and non-economic damages including pain and suffering, embarrassment, loss of reputation, loss of enjoyment of the value of their home, and other such harms as will be borne out by the evidence.

## COUNT III: DEFAMATION
### (By both Plaintiffs against Defendants Michael and Patricia Wysock)

53.     Plaintiffs incorporate all preceding paragraphs as though they were fully repeated herein.

54.     Defendants Michael and Patricia Wysock made statements that falsely imputed a crime to Plaintiffs, including the false statement that Plaintiffs violated the New Castle County Noise Ordinance or Disorderly Premises Ordinance.

55.     Defendants Michael and Patricia Wysock published these false statements to members of the New Castle County Police Department, including Defendant Hewett, and, on information and belief, to other members of the Crossgates neighborhood.

56.     The aforementioned false statements referred to the Plaintiffs individually, together as a household, or both.

57.     Members of the New Castle County Police Department, including Defendant Hewlett, and members of the Crossgates community understood the defamatory character of these false statements.

58.     Special damages can be presumed, but in addition, as a direct and proximate cause of Defendants' conduct as described in this Count, Plaintiffs did suffer damages, in the form of both economic and non-economic damages including pain and suffering, embarrassment, loss of reputation, loss of enjoyment of the value of their home, and other such harms as will be borne out by the evidence.

## COUNT IV: FALSE ARREST AND FALSE IMPRISONMENT
### (By Plaintiff Valentin against Defendant Hewlett)

59.     Plaintiffs incorporate by reference all preceding paragraphs as though they were fully repeated herein.

60. On November 6, 2019, Defendant Hewlett restrained Plaintiff Valentin without legal justification by handcuffing her, placing her in the back of a patrol car, transporting her to the New Castle County Police Station, and having her imprisoned in a holding cell.

61. Defendant Hewlett's restraint of Plaintiff Valentin was against her will.

62. The warrant from Justice of the Peace Court 11 authorizing Plaintiff Valentin's arrest was not issued until November 7, 2019.

63. No legal justification existed for the custodial arrest of Plaintiff Valentin on November 6, 2019.

64. Defendant Hewlett did not personally observe Plaintiff Valentin engage in conduct that constituted a misdemeanor, nor did he personally observe conduct amounting to a Disorderly Premises at 3107 Duncan Road, nor did any other police officer acting in an official capacity personally observe Plaintiff Valentin engage in conduct that constituted a misdemeanor or conduct amounting to a Disorderly Premises at 3107 Duncan Road. Accordingly, Defendant Hewlett was not authorized to arrest Plaintiff Valentin.

65. Furthermore, Defendant Hewlett did not have probable cause to believe that Plaintiff Valentin had committed any crime, and Defendant Hewlett did not have probable cause to believe that 3107 Duncan Road was a Disorderly Premises.

66. As a direct and proximate cause of Defendant Hewlett's conduct as described in this Count, Plaintiffs suffered damages, in the form of both economic and non-economic damages including bodily injury resulting from, *inter alia*, the application of handcuffs and being in physical custody, pain and suffering, embarrassment, loss of reputation, loss of enjoyment of the value of their home, and other such harms as will be borne out by the evidence.

### COUNT V: VIOLATION OF FOURTH AND FOURTEENTH AMENDMENT RIGHTS PURSUANT TO 42 U.S.C. §1983
### (By Plaintiff Valentin against Defendant Hewlett)

67.     Plaintiffs incorporate all preceding paragraphs as though they were fully repeated herein.

68.     Under the Fourth Amendment to the United States Constitution, as applied to the State of Delaware under the Fourteenth Amendment, Plaintiff Valentin has a right to be free from unreasonable searches and seizures.

69.     Defendant Hewlett violated Plaintiff Valentin's clearly established Fourth Amendment right to be free from unreasonable seizures by arresting and detaining Plaintiff Valentin without probable cause to believe Plaintiff Valentin engaged in any criminal activity, without probable cause to believe that 3107 Duncan Road was a Disorderly Premises, without legal authorization to arrest Plaintiff Valentin for the alleged Disorderly Premises offense that occurred outside his presence, or any combination thereof.

70.     Additionally and alternatively, Defendant Hewlett violated Plaintiff Valentin's clearly established Fourth Amendment right to be free from unreasonable searches and seizures by maliciously initiating or maintaining the Disorderly Premises criminal proceeding without probable cause, which terminated in Plaintiff Valentin's favor, and which deprived Plaintiff Valentin of liberty.

71.     Defendant Hewlett's conduct violated a clearly established constitutional right of which all police officers knew, or of which reasonable police officers should have known, rendering him liable to Plaintiff Valentin under 42 U.S.C. § 1983.

72.     Defendant Hewlett acted intentionally and deliberately to deprive Plaintiff Valentin of her Fourth Amendment rights.

73. As a direct and proximate cause of Defendant's conduct as described in this Count, Plaintiffs did suffer damages, in the form of both economic and non-economic damages including pain and suffering, embarrassment, loss of reputation, loss of enjoyment of the value of their home, and other such harms as will be borne out by the evidence.

### COUNT VI: CUSTOM/POLICY *Monell* CLAIM AGAINST NEW CASTLE COUNTY IN VIOLATION OF 42 USC 1983
### (By Plaintiff Valentin against Defendant New Castle County)

74. Plaintiffs incorporate all preceding paragraphs as though they were fully repeated herein.

75. At all times relevant to this Complaint, notwithstanding any of its written policies on the subject, and in violation of 11 *Del.C.* § 1904 and in violation of the Fourth Amendment's prohibition on unreasonable searches and seizures, the New Castle County Police Department had a custom and practice of allowing its police officers to take physical custody of or arrest *all* misdemeanants without a warrant for conduct occurring outside of a police officer's presence, including allowing its police officers to make custodial arrests without a warrant for violations of the New Castle County Code occurring outside of a police officer's presence.

76. Additionally and alternatively, at all times relevant to this Complaint, the New Castle County Police Department inadequately trained its officers, inadequately supervised its officers, or failed to adopt a needed policy regarding when its officers may make a custodial arrest for a misdemeanor without a warrant occurring outside an officer's presence.

77. Colonel Vaughn M. Bond, Chief of the New Castle County Police Department and the Department's chief policy maker, had actual knowledge of this custom and practice stemming from, *inter alia*, his more than two decades working through the ranks of the New

Castle County Police Department, including his time as a patrol officer and his time spent directly supervising patrol officers. Additionally and alternatively, Colonel Bond had actual knowledge of the inadequate training, inadequate supervision, or need to adopt a policy for the reasons described *supra*.

78. As a direct and proximate result of the New Castle County Police Department's custom and practice, or, additionally and alternately, as a direct and proximate result of New Castle County Police Department's inadequate training, inadequate supervision, or failure to adopt a needed policy, Plaintiff Valentin suffered a depravation of her rights guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution at the hands of Defendant Hewlett through his unlawful arrest.

79. As a direct and proximate cause of Defendants' conduct as described in this Count, Plaintiffs did suffer damages, in the form of both economic and non-economic damages including pain and suffering, embarrassment, loss of reputation, loss of enjoyment of the value of their home, and other such harms as will be borne out by the evidence.

**WHEREFORE**, Plaintiffs pray this Honorable Court will grant relief in the form of these specific requests and any other such legal and equitable relief this Court deems appropriate and just.

**KATE BUTLER LAW LLC**

/s/ Kate Butler

Bar ID No. 6017
Law Offices of Kate Butler, Esq.
1509 Gilpin Avenue, Suite 3
Wilmington, DE 19806
(302) 966-9994 (tel)
(302) 651-7960 (fax)
*Attorney for Plaintiffs*