IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CLARIBEL VALENTIN,
EMILIO MATOS

    *Plaintiffs,*

   v.

MICHAEL WYSOCK, PATRICIA
WYSOCK, OFFICER CHRISTOPHER
HEWLETT

    *Defendants.*

No. 1:21-cv-00399-SB

---

Katherine Butler, LAW OFFICES OF KATE BUTLER, ESQ., Wilmington, Delaware.

    *Counsel for Plaintiffs.*

Shae Lyn Chasanov, TYBOUT REDFEARN & PELL, Wilmington, Delaware.

    *Counsel for Defendants Michael & Patricia Wysock.*

Nicholas Jaison Brannick, NEW CASTLE COUNTY LAW DEPARTMENT, New Castle, Delaware.

    *Counsel for Defendant Officer Christopher Hewlett.*

**MEMORANDUM OPINION**

April 28, 2022

BIBAS, *Circuit Judge*, sitting by designation.

We often let plaintiffs amend their complaints to clarify the issues. But not all amendments are helpful. Sometimes, plaintiffs ask to make changes that come too late or are implausible. That is the case here. Claribel Valentin and Emilio Matos want to add a new defendant and some new claims. But the time to sue the new defendant has passed. And the new claims are implausible. So I deny their request.

## I. BACKGROUND

Valentin and Matos enjoy listening to Spanish-language music in their backyard. D.I. 33, at 2. Their neighbors, the Wysocks, do not. *Id.* They have called the cops on Valentin and Matos more than a dozen times for noise violations. *Id.* On their last visit, the police arrested Valentin. *Id.* Upset, Valentin and Matos sued the Wysocks and one of the police officers, Christopher Hewlett. D.I. 6 ¶¶ 1, 35.

Earlier this year, I ruled on Hewlett's motion to dismiss. D.I. 33. I let two claims proceed because the complaint, if true, suggested that he lacked probable cause to arrest Valentin. *Id.* at 10.

Now, Valentin and Matos want to amend their complaint. D.I. 40. Two of their changes bring the complaint in line with my earlier ruling. *Id.* ¶¶ 6–7. They remove a defendant and clarify that they are suing Officer Hewlett under § 1983. *Id.* ¶¶ 6–7; D.I. 33, at 6. Those changes are fine. But they also want to add a new defendant, Officer Jonathon Feliciano, and two new claims against the Wysocks. D.I. 40 ¶¶ 8–9.

I must allow that amendment unless it is "unduly delayed, offered in bad faith, prejudicial to the defendant, or futile." *Elemica v. ecMarket*, 2022 WL 911127, at *1 (D. Del. Mar. 29, 2022); *see* Fed. R. Civ. P. 15(a). Here, the defendants argue that it

2

is too late to add Officer Feliciano and that the other substantive changes could not survive a motion to dismiss. D.I. 44, at 1–2; D.I. 45, at 7. I agree.

## II. IT IS TOO LATE TO ADD FELICIANO

Start with Officer Feliciano. He apparently helped Hewlett arrest Valentin. Proposed Second Am. Compl., D.I. 40-2 ¶¶ 25–28. So Valentin and Matos want to bring several claims under § 1983 against him. *Id.* ¶¶ 59–71.

But § 1983 suits against Delaware officers must be brought within two years. *See Wilson v. Garcia*, 471 U.S. 261, 275–76 (1985); *George X v. Carney*, 2021 WL 7209518, at \*3 (D. Del. Dec. 7, 2021); Del. Code Ann. tit. 10, § 8119. Here, that two-year time limit ran out in November 2021. But Valentin and Matos did not ask to amend until this March. *See* D.I. 40; D.I. 40-2 ¶ 60. So the only way they can clear this hurdle is to show that adding Feliciano "relates back" to their initial complaint. Fed. R. Civ. P. 15(c)(1); *see* D.I. 1. If it does, then their claim against Feliciano counts as filed on the date of that complaint.

An amendment adding a new party "relates back" to an earlier complaint when that pleading mistakenly named the wrong person, yet the correct defendant "knew" that he should have been sued instead. Fed. R. Civ. P. 15(c)(1)(C)(i)–(ii). But there is no evidence that Valentin and Matos failed to name Feliciano because they were mistaken about his identity. Indeed, their first complaint mentions Feliciano, noting that he violated police-department policies when he arrested Valentin. D.I. 1 ¶ 29. They may regret not suing him then, but that failure was not born of mistaken identity. *See Garvin v. City of Phila.*, 354 F.3d 215, 221–22 (3d Cir. 2003). So they may not add him now.

3

### III. THE ABUSE-OF-PROCESS CLAIM AGAINST HEWLETT IS FUTILE

Next, Valentin and Matos ask to add an § 1983 abuse-of-process claim against Officer Hewlett. They say he misused the judicial system by arresting Valentin without probable cause. D.I. 40-2 ¶¶ 70–71; *see also Jennings v. Shuman*, 567 F.2d 1213, 1216–17 (3d Cir. 1977) (allowing these suits under § 1983). Hewlett allegedly asked a magistrate for an after-the-fact warrant without providing "information" supporting "probable cause." D.I. 40-2 ¶¶ 30–32, 71.

But they confuse abuse of process with malicious prosecution. Understandably so: as Delaware courts have explained, "[t]he distinction between the [two torts] is at best, unclear." *Adams v. Aidoo*, 2012 WL 1408878, at *12 (Del. Sup. Ct. Mar. 29, 2012) (internal quotation marks omitted). Even so, there is *some* distinction. Malicious-prosecution suits focus on improperly starting a lawsuit "without probable cause." *Id.* at *13. Conversely, abuse of process focuses on the improper motives behind "otherwise valid" suits. *Toll Bros., Inc. v. Gen. Acc. Ins. Co.*, 1999 WL 744426, at *5 (Del. Sup. Ct. Aug. 4, 1999); *see also Jennings*, 567 F.2d at 1217 ("[T]he presence or absence of probable cause is irrelevant to malicious abuse of process.").

Here, Valentin and Matos emphasize Hewlett's lack of probable cause. D.I. 40-2 ¶¶ 30–31, 70–71. But they do not identify any "ulterior purpose" that he may have had. *Toll Bros.*, 1999 WL 744426, at *5. So this abuse-of-process claim would be futile. And they have already brought a malicious-prosecution claim against Hewlett. D.I. 6 ¶¶ 67–73; *see also* D.I. 40-1 ¶¶ 67–69.

### IV. THE CONSPIRACY CLAIM AGAINST THE WYSOCKS IS ALSO FUTILE

Last, Valentin and Matos want to replace a harassment claim against the Wysocks with a claim that the Wysocks conspired to violate their civil rights. D.I. 40-2 ¶¶ 40–44; *see* 42 U.S.C. § 1985(3).

To plead that claim, the plaintiffs must show a conspiracy. *See Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997). They must show an "understanding or agreement" between the conspirators to take particular action. *Startzell v. City of Phila.*, 533 F.3d 183, 205 (3d Cir. 2008).

Valentin and Matos do not. They conclude that the Wysocks *must have* "conspire[d] with each other" to call the police and get Valentin arrested. D.I. 40-2 ¶¶ 43–44. Plus, they say, the Wysocks appeared unhappy to "liv[e] next door to [Valentin and Matos]" and intolerant of the "Spanish-language music" they played. *Id.* ¶¶ 1–2, 16. But "parallel conduct" does not prove conspiracy, "without more." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007). Without some insight into the Wysocks's thought process, this conspiracy claim fails.

* * * * *

Valentin and Matos may amend their complaint to bring it in line with my earlier ruling. But they may not add Officer Feliciano or new, futile claims. So I deny that part of their motion.

One final note: Valentin and Matos can sue Officer Hewlett only in his *individual* (not official) capacity. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (tying official-capacity claims to the government's *Monell* liability); D.I. 33, at 10 (dismissing

*Monell* claims against New Castle County). When they file their updated complaint, they should clarify that.