IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CLARIBEL VALENTIN,
EMILIO MATOS

      *Plaintiffs*,

    v.

MICHAEL WYSOCK,
PATRICIA WYSOCK,
OFFICER CHRISTOPHER HEWLETT

      *Defendants*.

No. 1:21-cv-00399-SB

---

Katherine Butler, KATE BUTLER LAW LLC, Wilmington, Delaware.

      *Counsel for Plaintiffs.*

Shae Lyn Chasanov, TYBOUT REDFEARN & PELL, Wilmington, Delaware.

      *Counsel for Defendants Michael & Patricia Wysock.*

Nicholas Jaison Brannick, NEW CASTLE COUNTY LAW DEPARTMENT, New Castle, Delaware.

      *Counsel for Defendant Officer Christopher Hewlett.*

---

**MEMORANDUM OPINION**

---

February 15, 2023

BIBAS, *Circuit Judge*, sitting by designation.

Sympathetic facts are not enough to open the door to federal court. Claribel Valentin and Emilio Matos allege that Valentin was wrongly arrested for playing music. But their claims against two defendants either do not exist or are not properly pleaded, so I must dismiss them.

## I. BACKGROUND

I have already written two opinions describing this case's facts. *See* D.I. 33; D.I. 48. Here is the gist: Valentin and Matos played Spanish music at home. First Am. Compl., D.I. 6 ¶¶ 6, 12. Their neighbors, Michael and Patricia Wysock, disliked hearing it, so they complained to the police. D.I. 33, at 2. After the police visited Valentin and Matos's home fourteen times, officer Christopher Hewlett arrested Valentin for violating a county noise ordinance. *Id.* (citing New Castle Cnty., Del., Code § 22.02.006); D.I. 6 ¶¶ 25–30. Ultimately, the county dismissed the charge. D.I. 6 ¶ 36. Upset, Valentin and Matos then sued the Wysocks, Hewlett, and the county. I dismissed the claims against the county. D.I. 33, at 7–10. There are still a few claims left against the Wysocks and Hewlett.

The Wysocks now move to dismiss the remaining claims against them: harassment, malicious prosecution, and defamation. D.I. 50. I ask whether Valentin and Matos's complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

## II. DELAWARE DOES NOT RECOGNIZE A CIVIL CAUSE OF ACTION FOR HARASSMENT

First things first: the claims against the Wysocks are based on state law. Though the Wysocks happen to be police officers, the complaint "does not allege that they were acting under the color of state law, as [42 U.S.C.] § 1983 requires." D.I. 33, at 6 (internal quotation marks omitted). Valentin and Matos do not dispute this. *See* D.I. 54; D.I. 60, at 2. So Delaware law governs. D.I. 33, at 6.

And Delaware does not recognize either a statutory or common-law cause of action for harassment. In Delaware, statutory harassment is a crime. 11 Del. C. § 1311. As the Delaware Supreme Court has explained, criminal statutes like § 1311 "impose general prohibitions," suggesting that they do not "create rights for a particular group of citizens, but … protect the public at large." *Brett v. Berkovitz*, 706 A.2d 509, 512–13 (Del. 1998). Given § 1311's "penal focus," it "cannot be stretched to include civil redress for personal damages." *Id.* So Valentin and Matos cannot sue the Wysocks for harassment under this statute.

Nor does Delaware common law create a harassment cause of action. Valentin and Matos cannot cite any Delaware case sustaining such a cause of action. They muster only one Delaware Superior Court bench trial in which the court considered the elements of "common law harassment." *Beck v. Greim*, 2019 WL 5420781, at *2 & n.10 (Del. Super. Ct. Oct. 22, 2019). But that court cited a criminal case and § 1311 for those elements, and only to show that the plaintiff "failed to satisfy the elements of either defamation or harassment." *Id.* This is not enough to outweigh Delaware courts' consensus that there is no common-law harassment cause of action. *See*

3

*McCambridge v. Bishop*, 2009 WL 3068915, at *2–3 (Del. Super. Ct. Sept. 23, 2009); *Washington v. Talley*, 2017 WL 1201125, at *3 & n.13 (Del. Ct. C.P. Feb. 15, 2017).

Sensing this, Valentin and Matos now ask me to let them change their claim from harassment to intentional infliction of emotional distress. D.I. 54, at 5. I decline their invitation. Justice does not require allowing this amendment. *See* Fed. R. Civ. P. 15(a)(2). Valentin and Matos make no effort to explain how the pleaded facts would support an intentional-infliction claim. And letting them change theories now, after discovery has closed, would prejudice the Wysocks. *See* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1487 (3d ed. 2022). Plus, Valentin and Matos have "had multiple opportunities to state a claim but ha[ve] failed to do so." *Id.* Neither their initial complaint nor their first amended complaint mentioned intentional infliction of emotional distress. D.I. 1; D.I. 6. And when they moved to amend again, they tried to swap their harassment claim for one based on conspiracy to violate civil rights—not intentional infliction. D.I. 40-2, at 9 (citing 42 U.S.C. § 1985(3)). I rejected that conspiracy claim as futile. D.I. 48, at 5.

I will not give them another bite at the apple. Thus, I dismiss the harassment claim with prejudice.

### III. VALENTIN HAS NOT PLEADED THE ELEMENTS OF MALICIOUS PROSECUTION

Valentin alone brings a malicious-prosecution claim. Unlike harassment, Delaware recognizes a cause of action for malicious prosecution. *See Megenhardt v. Nolan*, 583 A.2d 660, 1990 WL 169009, at *1–2 (Del. 1990) (unpublished table decision). To bring a malicious-prosecution suit, Valentin must plead that a criminal proceeding (1) was brought against her (2) "by, or at the instance of the [Wysocks]," (3) was

4

"terminated in [her] favor," (4) was brought with malice and (5) without probable cause, and (6) resulted in "injury or damage." *Id.* (internal quotation marks omitted). The Wysocks rightly concede the first and third elements: the police "instituted a charge against Valentin for violating the [n]oise [o]rdinance, and that charge was ultimately dismissed." D.I. 51, at 11. And I already decided that Valentin adequately alleged that she was arrested without probable cause. D.I. 33, at 5. That leaves instigation, malice, and damages.

The Wysocks say that private citizens cannot instigate malicious prosecutions. D.I. 51, at 11–12. That is wrong. *See Shaffer v. Davis*, 1990 WL 81892, at *2 (Del. Super. Ct. June 12, 1990) ("The cause of action available to the arrested person against the [private-citizen] instigator is a suit for malicious prosecution."). Nor does reporting crime to the police immunize one from suit. True, the Delaware Supreme Court has rejected a malicious-prosecution claim based on a report when the "police then conducted an independent investigation into the alleged crime." *Megenhardt*, 1990 WL 169009, at *2. But here, Valentin pleads that the police did not independently investigate the noise violation before arresting her. *See* D.I. 6 ¶¶ 24–27. And she plausibly pleads that the Wysocks "initiated" proceedings because "[i]t was their recitation of the incident [that] caused [her] to be arrested." *Quartarone v. Kohl's Dep't Stores, Inc.*, 983 A.2d 949, 954–55, 960 (Del. Super. Ct. 2009); *see* D.I. 6 ¶¶ 16, 22, 46. So her allegations that the Wysocks instigated the prosecution suffice.

But Valentin's malice and damages allegations do not. She must plead "actual malice, in the sense of an improper motive or wanton disregard of the [prosecuted

5

party's] rights." *Blue Hen Mech., Inc. v. Christian Bros. Risk Pooling Tr.*, 117 A.3d 549, 561 (Del. 2015) (internal quotation marks omitted). She claims that the Wysocks' "improper motive" was "racial and linguistic animus." D.I. 6 ¶¶ 13–14, 49–50. But she gives scarce other facts suggesting that the Wysocks acted with such animus. All she says is that the Wysocks "derid[ed] [her] Spanish-language music." *Id.* ¶ 14. These are mostly "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (cleaned up).

Indeed, Valentin's main support for asserting animus is that she and Matos "are Hispanic and listen to Spanish-language music." D.I. 6 ¶ 13. But those facts are still consistent with the Wysocks' contending that the music violated the noise ordinance. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Without more, Valentin's malice allegations fall on the wrong side of the line. *Cf. Read v. Carpenter*, 1995 WL 945544, at *2 (Del. Super. Ct. June 8, 1995) ("[A] bare allegation that defendants[] instituted proceedings solely to intimidate and harass is insufficient to plead malice." (internal quotation marks omitted)).

Similar problems plague her damages allegations. She says that the Wysocks' malicious prosecution caused her to "suffer damages, in the form of both economic and non-economic damages including pain and suffering, embarrassment, loss of reputation, loss of enjoyment of the value of [her] home, and other such harms as will be borne out by the evidence." D.I. 6 ¶ 52. These allegations are "conclusory." *Iqbal*, 556

6

U.S. at 678; *cf. Griffin Corp. Servs., LLC v. Jacobs*, 2005 WL 20000775, at *4–5 (Del. Ch. Aug. 11, 2005) (dismissing tortious-interference claim for similarly vague damages allegations). She tries to beef them up in her response brief, explaining *how* she was damaged. D.I. 54, at 7. But because those explanations are missing from her complaint, I cannot consider them. *Commw. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988).

Yet these deficiencies are fixable. So I dismiss Valentin's malicious-prosecution claim without prejudice. She has one last chance to amend this claim.

### IV. NOR HAVE VALENTIN AND MATOS PLEADED SPECIFIC DEFAMATORY STATEMENTS

Finally, both Valentin and Matos claim that the Wysocks defamed them. D.I. 6 ¶¶ 53–58. Under Delaware law, they must plead that (1) "the [Wysocks] made a defamatory statement," (2) "concerning [them]," that was (3) "published," and (4) would be understood by third parties as defamatory. *Page v. Oath Inc.*, 270 A.3d 833, 842 (Del. 2022). Because they say the Wysocks "impute[d] a crime" to them, they need not plead damages. *See Spence v. Funk*, 396 A.2d 967, 970 (Del. 1978).

But Valentin and Matos do not "identify the exact comments or specific publication attributable" to the Wysocks. *Grubbs v. Univ. of Del. Police Dep't*, 174 F. Supp. 3d 839, 861 (D. Del. 2016). They allege only that the Wysocks "made statements that falsely imputed a crime to" them, namely the noise-ordinance violation. D.I. 6 ¶ 54. Without more specific allegations, I "cannot evaluate" the defamation claim. *Grubbs*, 174 F. Supp. 3d at 861; *cf. Harrison v. Hodgson Vocational Tech. High Sch.*, 2007 WL 3112479, at *2 (Del. Super. Ct. Oct. 3, 2007) (dismissing defamation claim when the

7

plaintiff "d[id] not identify what specifically" the defendant said over the phone); *Abbott v. Gordon*, 2008 WL 821522, at *24 (Del. Super. Ct. Mar. 27, 2008) (dismissing defamation claim that defendants "falsely accused [plaintiff] of unethical conduct in telephone calls" (internal quotation marks omitted)). So I will dismiss the claim without prejudice.

One last note: the Wysocks suggest that "statements made to the police to instigate criminal complaints are absolutely privileged." D.I. 51, at 14 (citing *Shaffer*, 1990 WL 81892, at *3). But the Delaware Supreme Court has clarified that such statements are only conditionally privileged. *See Meades v. Wilmington Hous. Auth.*, 875 A.2d 632, 2005 WL 1131112, at *1–2 (Del. 2005) (unpublished table decision); *see also McLeod v. McLeod*, 2015 WL 853334, at *4 (Del. Super. Ct. Feb. 26, 2015). Conditional privilege is an affirmative defense, which is typically inappropriate to resolve on a motion to dismiss. *Meades*, 2005 WL 1131112, at *2; *see also Clean Air Council v. U.S. Steel Corp.*, 4 F.4th 204, 211 (3d Cir. 2021). And the privilege's abuse is "ordinarily a question of fact." *Meades*, 2005 WL 1131112, at *2. So now is not the right time to consider the privilege.

\* \* \* \* \*

There is no harassment cause of action. So I dismiss that claim with prejudice. But I will give Valentin and Matos one more chance to adequately plead their malicious-prosecution and defamation claims.

8